IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT EARL WILLIAMS,            )
                                 )
            Petitioner,           )
                                 )      1:19CV1252
      v.                         )      1:13CR490-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.           )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted a Letter questioning or challenging the computation of his federal sentence. Where a petitioner attacks the execution and not the imposition of a sentence, his petition invokes 28 U.S.C. § 2241. See Setser v. United States, 566 U.S. 231, 244 (2012) ("[T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's] confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241."); see also United States v. Wilson, 503 U.S. 329, 334-35 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative

review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies."). For that reason, the Court treated Petitioner's filing as a Petition under § 2241. Petitioner did not use the proper forms, pay the filing fee, or seek *in forma pauperis* status. Moreover, the Court notes that in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) ("A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court."). It appears that Petitioner is incarcerated in the District of South Carolina. After exhausting any available administrative remedies within the Bureau of Prisons, Petitioner may seek the appropriate forms from the Clerk's Office in that district. The address for the Clerk is: Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 29th day of January, 2020.

_____
Joe L. Webster
United States Magistrate Judge